**Thomas Larry KELLEY, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 2229.

United States District Court,
W. D. Tennessee, E. D.

Jan. 22, 1973.

Thomas Larry Kelley, pro se.

Thomas F. Turley, Jr., U. S. Atty., Memphis, Tenn., for respondent.

## ORDER DENYING MOTION TO VACATE JUDGMENT ON CONVICTION

WELLFORD, District Judge.

The petitioner, Thomas Larry Kelley, an inmate of the United States Penitentiary, Atlanta, Georgia, has filed this petition for post-conviction relief pursuant to 28 U.S.C. § 2255. He has asked the Court to vacate the judgment of conviction and set aside a 15 year sentence imposed by another division of this Court for violation of 18 U.S.C. § 2113(a), bank robbery. Petitioner alleges that in imposing sentence, the district judge considered a pre-sentence report which contained allegedly false information concerning petitioner's prior criminal record, particularly with respect to purportedly constitutionally invalid prior convictions.

It appears that petitioner entered a plea of guilty to charges of bank robbery in violation of 18 U.S.C. § 2113(a) and that he was sentenced on December 6, 1965, to a term of 15 years. Prior to imposing sentence the district judge reviewed the probation office's pre-sentence report which contained, along with other information, specific information concerning the petitioner's prior criminal record. It is the Court's consideration of his prior criminal record which petitioner argues was improper, first, because one of the charges was listed as a felony when it was really a misde-

meanor, and secondly, because two of his prior convictions were constitutionally invalid due to the trial courts' alleged failures to advise him of his right to counsel. Petitioner maintains that as a result of the district judge's consideration of these prior convictions the Court imposed a more severe sentence than it would otherwise have imposed. For these reasons, and in light of United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), petitioner contends that this Court is compelled to set aside his judgment of conviction and to resentence him. We do not agree.

We have reviewed the December 3, 1965, pre-sentence report about which petitioner complains. It is petitioner's contention that the sentencing judge imposed the "severe" 15 year sentence on the basis of his erroneous belief that petitioner had a prior conviction of armed robbery. Specifically, petitioner points to a June, 1960, Illinois charge of armed robbery, later reduced to a charge of simple larceny, a misdemeanor. To be sure, the report does indicate the original charge. However, it also indicates the reduction of the charge and the fact that petitioner was sentenced and served time at the State Farm at Vandalia, Illinois. The report, however, indicates a great deal more concerning petitioner's prior record. In January and August, 1958, petitioner, at age 18, was charged with making checks to defraud and with involvement in a "con" game with checks. In both instances he was released after making restitution. On March 4, 1960, several months prior to the armed robbery/petty larceny charge of which he complains, petitioner was placed on a three year probation in federal court in Kansas City, Missouri, for a Dyer Act violation.

Subsequently, in January, 1961, petitioner's probation was revoked for violations thereof and he served a 90 day

sentence at the Medical Center for Federal Prisoners, Springfield, Missouri. Later that same year petitioner was convicted of burglary and larceny and sentenced to 3 years in the State Penitentiary, Nashville, Tennessee. While serving this sentence, petitioner escaped, was apprehended and given an additional 12 months sentence. One month after his release in 1964, petitioner was taken into custody on an investigation of charges for fraud and forgery, but he was later released without disposition.

In view of all these circumstances made known to the sentencing judge, as well as the fact that defendant was subject to a maximum fine of $5,000.00 and a maximum sentence of 20 years on the serious charge of violation of 18 U.S.C. § 2113(a), the Court does not feel that the sentence imposed on the defendant was excessive in light of the prior record indicating almost continuous scrapes with the law from 1958 through 1964, virtually up to the time of charges in the indictment upon which petitioner was sentenced.

We would further overrule petitioner's motion on the basis that we would not extend the doctrine of United States v. Tucker, supra, beyond the facts of that case. In *Tucker*, a federal district judge gave explicit consideration to the defendant's prior criminal record of those felony convictions before sentencing the defendant to serve 25 years in prison— the maximum term authorized by the applicable federal statute.[1] Subsequently, two of the three original felony convictions were conclusively determined to have been constitutionally invalid because the defendant was neither represented by counsel nor was he advised of his right to counsel. We do not feel *Tucker* is really applicable or comparable on the facts here cited.

The Supreme Court recognized the wide discretion which a federal district

---

1. Petitioner's defense counsel at the time of the sentencing informed the Court that he was very happy to get the 15 year sentence since at that time it was unusual for a defendant in this district to receive less than the maximum 20 years sentence for a violation of 18 U.S.C. § 2113(a).

judge has in determining what sentence to impose and further recognized that:

"A judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." U. S. v. Tucker, 404 U.S. at 446, 92 S.Ct. at 591.

We would not extend, in any event, the doctrine of United States v. Tucker, *supra*; therefore, and for the other reasons expressed herein, we deny petitioner's motion.

Accordingly, it is ordered that petitioner's Motion to Vacate Judgment of Conviction be and the same is hereby denied.